Kaye, J.
(concurring). I concur in the majority opinion, but
write separately to underscore the factors that compel me to that conclusion.
Four essential facts, to my mind, define and delimit the applicable legal principles in this case. First, this is a contingent fee case. Second, defendants rendered no legal services— indeed, they did absolutely nothing — with respect to plaintiff’s claim against GEICO.* [1] Third, plaintiff retained a second lawyer who thus far has had to prosecute plaintiff’s claim through the trial court, the Appellate Division and now this court. Finally, this is a pleadings motion; the merits are yet to be adjudicated, and plaintiff’s damages are yet to be determined.
In such circumstances, the motion to strike the fourth affirmative defense, which would immediately reduce plaintiff’s maximum potential recovery, was correctly granted. In *46 lawyer malpractice cases, as in all negligence cases, the focus in damages inquiries must be on the injured plaintiff — not on whether damages will unduly harm the wrongdoer defendant —the objective being to put the injured plaintiff in as good a position as she would have been in had there been no breach of duty. Had defendants discharged their professional responsibility, and furnished the contracted-for legal services, plaintiff would have pocketed roughly $67,000 (the balance representing compensation for defendants’ services).
In fact, defendants did not render those services, and plaintiff did not receive the $67,000. Plaintiff has had to retain a second attorney to pursue that same objective. There is therefore no basis for an affirmative defense that would at the outset reduce plaintiff’s maximum recovery to $67,000 — to be further reduced by the reality of a second counsel fee. If the affirmative defense were allowed, plaintiff could never be made whole; plaintiff could never be put in as good a position as she would have been in had defendants fulfilled their commitment to her. Should this plaintiff have the misfortune to suffer successive lawyer malpractice, on defendants’ theory she could in principle win her rightful recovery and in fact receive nothing by virtue of deductions for unearned counsel fees.[2]
The dissent’s speculation that attorneys who commit malpractice might settle those claims, in order to retain goodwill, or avoid adverse publicity, or out of a sense of moral obligation, may be ideals of professional behavior, but that speculation is not borne out by the facts of this case — which is all we have before us. Plaintiff already has been before three courts and is still at the pleadings stage. In these circumstances, it is right as a matter of policy to permit plaintiff to seek the full maximum recovery against the allegedly negligent lawyers; that is the only way plaintiff can be made whole.
Should the application of this rule yield an absurd result in a future case presenting different facts (as the dissent suggests it might, when lawyers promptly settle such cases), lawyer defendants can be trusted to bring such additional facts to *47 courts’ attention, and the law can be trusted to respond sensibly in calculating and awarding damages. For the present class of cases, this is the correct and reasonable result, which is all we are deciding.

. Given the posture of the case, the facts are presumed to favor plaintiff, the nonmovant.

. This opinion advocates neither a change in the law regarding attorneys’ fees nor unreasonable damage demands by clients of their attorneys (dissenting opn, at 48). As with malpractice by any other professional, the objective of the law is to compensate clients for their losses; clients should not recover more because the professional is an attorney, nor should they recover less. In a situation where neither choice is absolutely perfect, the majority’s policy determination better approximates the law’s objective.